IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RACHEL KIMBRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: |
| | ) |
| BEST LOVING CARE AT HOME, LLC, | ) |
| and SALVATORE FARINELLA, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW the Plaintiff, RACHEL KIMBRELL ("PLAINTIFF"), and files this Complaint against DEFENDANTS BEST LOVING CARE AT HOME, LLC and SALVATORE FARINELLA (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT BEST LOVING CARE AT HOME, LLC. was a Florida corporation that provided home health services in and around Spring Hill, Florida, which is where Plaintiff worked at all material times.

4. At all material times, DEFENDANT SALVATORE FARINELLA operated BEST LOVING CARE AT HOME, LLC.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT BEST LOVING CARE AT HOME, LLC had annual gross sales in excess of $500,000 and two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide home health services.

8. At all relevant times, DEFENDANT BEST LOVING CARE AT HOME, LLC was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, with respect to BEST LOVING CARE AT HOME, LLC, DEFENDANT SALVATORE FARINELLA had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

10. At all relevant times, DEFENDANTS were employers within the meaning of the FLSA.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

12. In or around October 2019, DEFENDANTS hired PLAINTIFF to work in their office as an office manager. In that position, PLAINTIFF was responsible for billing, scheduling and other managerial duties.

13. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

14. Throughout most of his employment, PLAINTIFF was paid on an hourly basis and she worked at least 45 hours per week, but was not paid overtime and in fact, was not paid at all for the hours she worked beyond the 40th hour of the week. For example, if PLAINTIFF worked 45 hours in a week, DEFENDANT SALVATORE FARINELLA would only pay her for 40 hours.

15. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a rate of one and one-half times her usual hourly rate when she worked more than 40 hours per week.

16. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -BOTH DEFENDANTS

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT BEST LOVING CARE AT HOME, LLC regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to

the provisions of the Act.

20. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which she did not receive appropriate compensation.

21. During her employment with DEFENDANTS, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when she worked more than 40 hours in a week.

22. PLAINTIFF was subjected to an automatic meal deduction of 30 minutes per day despite working through her meal break. In addition, PLAINTIFF worked beyond her scheduled Monday to Friday 8:30 to 5:00 schedule and was required to be on call after hours and on weekends and typically, she worked at least five hours per week responding to after hours calls and text messages on behalf of DEFENDANT BEST LOVING CARE AT HOME, LLC.

23. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

24. DEFENDANTS' failure to compensate PLAINTIFF for her overtime violates the provisions of the FLSA and the regulations thereunder.

25. DEFENDANTS' failure to compensate PLAINTIFF for her overtime was a willful and knowing violation of the Act.

26. As a result of DEFENDANTS' willful and knowing failure to properly compensate

PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

27. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

28. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT--  BEST LOVING CARE AT HOME, LLC

29. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

30. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid an hourly rate for each hour she worked plus vacation pay. This hourly rate varied but was $16 per hour before PLAINTIFF became a salaried employee in or around May 2021.  As a salaried employee, PLAINTIFF should have received $1,485 per two week pay period.

31. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time she worked.  This includes but is not limited to failing to pay her for the hours she worked

       beyond 40 hours per week, failing to pay her at her agreed rate for time spent on call, and failing to pay her for her vacation time.

32. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  September 24, 2021

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF